UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MATTHEW D. SULEPHEN                                                        PLAINTIFF

V.                          NO. 1:17CV00113 BSM-JTR

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions not reserved
to the Commissioner of Social Security                                     DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I.  Introduction:**

Plaintiff, Matthew D. Sulephen, applied for disability benefits on June 15, 2015, alleging a disability onset date of June 1, 2015. (Tr. at 14). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 21). The Appeals Council denied his request for review. (Tr. at 1). Thus, the ALJ=s decision now stands as the final decision of the Commissioner.

For the reasons stated below, the Commissioner's decision should be affirmed.

## II. The Commissioner=s Decision:

The ALJ found that Sulephen had not engaged in substantial gainful activity since the alleged onset date of June 1, 2015. (Tr. at 16). At Step Two, the ALJ found that Sulephen has the following severe impairments: obesity and back pain. *Id.*

After finding that Sulephen's impairment did not meet or equal a listed impairment (Tr. at 17), the ALJ determined that Sulephen had the residual functional capacity (ARFC@) to perform sedentary work, except that he could not perform frequent stooping, crouching, climbing, or balancing. *Id*.

The ALJ found that Sulephen was unable to perform past relevant work. (Tr. at 19). At Step Five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Sulephen's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform, including work as a food and beverage order clerk and circuit board assembler. (Tr. at 20). Consequently, the ALJ found that Sulephen was not disabled. *Id.*

## III. Discussion:

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether

it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.  Sulephen=s Arguments on Appeal

Sulephen contends that substantial evidence does not support the ALJ=s decision to deny benefits. He argues that the ALJ did not conduct a proper credibility analysis. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

3

Sulephen alleges disability as a result of morbid obesity and back pain. He saw his physician four times in 2014, for back pain and a consultation on weight management. (Tr. at 354-362). He was prescribed Ibuprofen 800 mg and muscle relaxers for pain. *Id*. The only objective testing in the record was a lumbar x-ray, taken on August 25, 2015. (Tr. at 374). It showed that lumbar alignment was normal, and intervertebral disc space was maintained. *Id*. The diagnosis was lumbar spondylosis with mild intervertebral disc height loss at L5-S1. *Id*. Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004).

In 2016, Sulephen had five doctor visits. (Tr. at 405-442). At those appointments, musculoskeletal examinations were grossly normal. *Id*. Sulephen's doctor noted at all of these visits that Sulephen was "doing OK" with no major problems, and that his medications were generally effective with no side effects. *Id.* Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). No further objective testing was done, and Sulephen did not require more than medication management for back pain. He likewise did not indicate that he was engaging in a weight loss program or that he had undergone weight loss surgery as of the date of the decision. The need for only conservative treatment contradicts allegations of

4

disabling conditions. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). The sparse medical record does not support Sulephen's claims of disability.

Nevertheless, Sulephen argues that remand is appropriate because the ALJ did not conduct a proper credibility analysis. Social Security Ruling 16-3p, 2016 SSR LEXIS 4 ("SSR 16-3p"), removed the word "credibility" from the analysis of a claimant's subjective complaints, replacing it with "consistency" of a claimant's allegations with other evidence. SSR 16-3p became effective on March 28, 2016, and the underlying analysis incorporates the familiar factors that were in place prior to the new rule. The ALJ must still give consideration to all of the evidence presented relating to subjective complaints, including: 1) prior work record; 2) the claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; and 5) functional restrictions. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984). Sulephen argues that the ALJ did not discuss these factors.

The ALJ is not required to explicitly discuss each factor. *See Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). He may discount subjective complaints if there are inconsistencies in the record as a whole. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

Although the ALJ's analysis was short, he did mention that medication

controlled Sulephen's symptoms. (Tr. at 17). He also considered relatively normal results from objective testing (Tr. at 18), and he commented that Sulephen's ability to work during the relevant time period "[drew] upon the issue of consistency." (Tr. at 16). The ALJ also discussed the opinions of state-agency medical experts, finding their assignment of a sedentary RFC to be persuasive when framed by the medical evidence (Tr. at 19). Finally, although the ALJ did not explicitly address Sulephen's activities of daily living, Sulephen's ability to cook, do chores, perform personal care, shop in stores, and mow his yard all support the ALJ's SSR 16-3p finding.

While the ALJ's discussion was short, "an arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where the deficiency probably had no practical effect on the outcome of the case." *Benskin v. Bowen*, 830 F.2d 878, 883 (8th Cir. 1987). A more thorough analysis and discussion by the ALJ would have still yielded the same result: a finding that Sulephen was not disabled.

## V. <u>Conclusion</u>:

There is substantial evidence to support the Commissioner=s decision that Sulephen was not disabled. The ALJ properly considered the consistency of Sulephen's subjective complaints.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED and that the case be DISMISSED, with prejudice.

DATED this 17th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE